# EXHIBIT 1

## IN THE DISTRICT COURT OF WASHITA COUNTY
## STATE OF OKLAHOMA

BANK OF AMERICA, N.A., formerly known as NATIONS BANK, )
N.A., as TRUSTEE OF THE **VIRGINIA C. EARMAN TRUST**; BANK )
OF AMERICA, N.A., as TRUSTEE OF THE **E.M. WOODY TRUSTS A** )
**AND B**; BANK OF AMERICA, N.A., as TRUSTEE OF THE **LILLIAN** )
**AUSTIN TRUST**; BANK OF AMERICA, NA., as TRUSTEE OF THE )
**CONSTANCE S. GEERHART TRUST**; BANK OF AMERICA, N.A., )
as TRUSTEE OF THE **CONSTANCE A. GEERHART TRUST**; )
**EUGENE ALBERT; ELEANOR ALBERT; WENDELL ALBERT;** )
**MARY ARMSTRONG; CHARLES K. BARNHART, DAVID C.** )
**BARNHART; LOWELL W. BEACH; WALTER BLACKBURN, JR.;** )
**W.W. RUTH GALLOWAY BLACKBURN; LYNDA JONES** )
**BLACKWELL; BRADLEY NOMINEE CORPORATION;** )
**FLOREINE L. BURWASH REVOCABLE LIVING TRUST U/A/D** )
**DECEMBER 14, 1988; JESSIE MAE CAIN; GLENNA CORNELIUS** )
**TRUST; JEANNE DARNELL; NICKY FRANCIS DARNELL;** )
**GENARY JANET DORGAN; MAXLYN J. EDWARDS; VIRGINIA** )
**SUE ENTRIKEN; MELBA FAY GUILES; CLARIENE HAGGARD** )
**LOVING TRUST; TRUSTEES OF THE ELVYN HAGGARD** )
**LOVING TRUST; ELVYN HAGGARD, AS ADMINISTRATOR OF** )
**THE GLENDEAN HAGGARD ESTATE; HAMILL ENERGY CO.;** )
**ANNE B. HANNAH-ROY, TRUSTEE OF THE ANNE B. HANNAH-** )
**ROY TRUST; GALE L. HARRIS; IRIS (HUTTON) HENSON;** )
**ARVIL L. HENSON; FLOYD EDWARD HILDERBRANDT;** )
**FLOYD E. HILDERBRANDT; HIRZEL INC.; ELDON HOWARD;** )
**JANICE HOWARD; JACK ALAN JACKSON; LLOYD JACKSON;** )
**TOM M. JOHNSON; BARNEY L. JONES; MYRTLE L. JONES;** )
**BERYL D. JONES; JANICE L. JONES; BOBBY E. JONES;** )
**JACKIE JONES; CLIFFORD E. JONES; HELEN M. JONES; GLEN** )
**JONES AND DELLA MAE JONES IRREVOCABLE FAMILY** )
**TRUST; ROSA JONES; TRAVIS JONES; LOUISE JONES; MARIE** )
**C. KAMPHAUS; DR. KEM KELLY; RAYMOND B. KEATING,** )
**TRUSTEE UTA DONALD G. MACDONALL, DECEASED;** )
**HOWARD A. MARTIN, JR.; J. B. MARTIN AND DORA F.** )
**MARTIN FAMILY TRUST; BRAD CLINT GILBERT AND STEVE** ) CASE NO. CJ-2004-45
**DON GILBERT, SUCCESSORS TO THE HAZEL MELVIN** )
**ESTATE; NAOMA MORRIS, TRUSTEE OF THE NAOMI SALLY** )
**MORRIS 1983 REVOCABLE TRUST; FRED L. MORTON;** )
**PATRICIA ANN MORTON; WILLIAM VERNON MORTON;** )
**DOROTHY JEAN MORTON; EVERETT B. MUSIC SR.; WILDA** )
**M. MUSIC; EVERETT B. MUSIC, JR.; EUGENE MUSIC; LAURA** )
**JANE NEILL; ANN NIECE; BETTY L. O'LEARY; RILEY LOYD** )
**OAKS; CLORENE PRICE; VINETA COSBY; G.L. (SHORTIE)** )
**QUIGLEY); LEO QUIGLEY; NANCY L. RHODES BOUNDS;** )
**JOSEPH E. ROBINSON; DEBBIE SHERIDAN; ANNA BELL** )
**SMITH; JUDY JONES SMITH; RAYMOND B. KEATING,** )

WASHITA COUNTY, OKLAHOMA
F I L E D
NOV 17 2004
BY TENA ARGANBRIGHT, COURT CLERK
DEPUTY

1

TRUSTEE OF THE CAMPBELL SMITH TRUST; DOROTHY E. )
SMITH; MARILYN SMITH BRANCH, TRUSTEE OF THE )
MARILYN SMITH BRANCH TRUST; MARILYN SMITH )
BRANCH, TRUSTEE OF THE SMITH FAMILY TRUST; )
RAYMOND B. KEATING, TRUSTEE OF THE WILLIAM N. )
SMITH, JR. TRUST; RAYMOND B. KEATING, TRUSTEE OF THE )
ROBERT K. SMITH TRUST; JOHN PAT SPRADLIN; BERNICE )
RAY SULLINS, BELINDA CARPENTER SULLIVAN; JOHNE C. )
AND DARLENE F. THOMAS; J. MELTON AND LITITIA )
THOMAS FAMILY TRUST, JOSEPH M. VICTORY AND JOHN V. )
MCCARTHY )
                  **Plaintiffs,** )
                                 )
                                   )
**v.** )
                                   )
EL PASO NATURAL GAS COMPANY, a Delaware corporation; and )
BURLINGTON RESOURCES OIL & GAS COMPANY (formerly El )
Paso Production Company, formerly Meridian Oil, Inc., formerly El )
Paso Exploration Company) a Delaware corporation, )
                  **Defendants.** )

## FIRST AMENDED PETITION

COME NOW each of the above-named Plaintiffs, for themselves and on behalf of all persons similarly situated as non-cost-bearing interest owners, and allege and state as follows:

### PARTIES AND JURISDICTION

1. Bank of America (formerly NationsBank), as Trustee(s) is domesticated with its principal place of business (insofar as these Trusts are concerned) in Texas, doing business in the State of Oklahoma, and owns certain mineral and royalty interest underlying lands in the State of Oklahoma.

Eugene Albert, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Wendell Albert, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

2

Mary Armstrong, Plaintiff, is a resident of the State of Oregon and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Charles K. Barnhart, Plaintiff, is a resident of the State of South Carolina and owns minerals and royalty interest underlying lands in the State of Oklahoma;

David C. Barnhart, Plaintiff, is a resident of the State of Oregon and owns minerals and royalty interest underlying the lands in the State of Oklahoma;

Lowell W. Beach, Plaintiff, is a resident of the State of Oklahoma owns minerals and royalty interest underlying lands in the State of Oklahoma;

Walter Blackburn, Jr., Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma.   LeRoy Bruce serves as conservator said Walter Blackburn, Jr.

Lynda Jones Blackwell, Plaintiff, is a resident of the State of Texas and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Bradley Nominee Corporation, Plaintiff, is a company domesticated in the State of Oklahoma with its principal place of business in Florida, and owns minerals and royalty interest underlying lands in the States of Oklahoma, Texas, and New Mexico;

The Trustees of the Floreine L. Burwash Revocable Living Trust UAD December 14, 1988, are residents of the State of Oregon and own minerals and royalty interest underlying lands in the State of Oklahoma;

Jessie Mae Cain, deceased, was a resident of the State of Texas and owned minerals and royalty interest underlying lands in the State of Oklahoma.   Her interest is now vested in Rosalind Cain and Linda Cain Wilson, both residents of the State of Oklahoma;

3

The Trustees of the Glenna Cornelius Trust are residents of the State of Oklahoma and own minerals and royalty interest underlying lands in the State of Oklahoma;

Jeanne Darnell, Plaintiff, is a resident of the State of Texas and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Nicky Francis Darnell, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Genary Janet Dorgan, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Maxlyn J. Edwards, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Virginia Sue Entriken, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Melba Fay Guiles, deceased, was a resident of the State of California and owned minerals and royalty interest underlying lands in the State of Oklahoma.  Her interest is now vested in Loren D. Roy, a resident of California.

The Trustees of the Clariene Haggard Loving Trust are residents of the State of Oklahoma and own minerals and royalty interest underlying lands in the State of Oklahoma;

The Trustees of the Elvyn Haggard Loving Trust are residents of the State of Oklahoma and own minerals and royalty interest underlying lands in the State of Oklahoma;

Elvyn Haggard, as Administrator of the Glendean Haggard Estate, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

4

Hamill Energy Co. is a company domesticated in the State of Oklahoma with its principal place of business in Texas, and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Anne B. Hannah-Roy, Trustee of the Anne B. Hannah-Roy Trust, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Gale L. Harris, deceased, was a resident of the State of Texas and owned minerals and royalty interest underlying lands in the State of Oklahoma. Her interest is now vested in Brad Harris and Jana Harris, both residents of the State of Texas;

Iris Hutton Henson, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Floyd Edward Hilderbrandt, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Floyd E. Hilderbrandt, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Hirzel Inc. is a company domesticated in the State of Oklahoma with its principal place of business in Oklahoma, and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Eldon Howard, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Janice Howard, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Lloyd Jackson, Plaintiff, is a resident of the State of Missouri and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Jack Alan Jackson, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Tom M. Johnson, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Barney L. Jones, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Myrtle I. Jones, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Beryl D. Jones, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying the lands in the State of Oklahoma;

Janice L. Jones, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Bobby E. Jones, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Jackie Jones, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Clifford E. Jones, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Helen M. Jones, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

6

The Trustee(s) of the Glen Jones and Della Mae Jones Irrevocable Family Trust, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Rosa Jones, deceased, was a resident of the State of Oklahoma and owned minerals and royalty interest underlying lands in the State of Oklahoma.  Her interest is now vested in Travis Jones, Bobby Jones and Beryl

Travis Jones, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Louise Jones, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Marie C. Kamphaus, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Dr. Kem Kelly, Plaintiff, is a resident of the State of California and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Raymond B. Keating, Trustee UTA Donald G. MacDonall, Deceased, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Howard A. Martin, Jr., Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

The Trustee(s) of the John B. Martin and Dora F. Martin Family Trust, Plaintiff, is a resident of the State of Florida and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Brad Clint Gilbert and Steve Don Gilbert, Successors to the Hazel Melvin Estate, Plaintiffs, are residents of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Naoma Morris, Trustee of the Naomi Sally Morris 1983 Revocable Trust, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Fred L. Morton, Plaintiff, is a resident of the State of Indiana and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Patricia Ann Morton, Plaintiff, is a resident of the State of Indiana and owns minerals and royalty interest underlying lands in the State of Oklahoma;

William Vernon Morton, Plaintiff, is a resident of the State of Arizona and owns minerals and royalty interest lands in the State of Oklahoma;

Dorothy Jean Morton, Plaintiff, is a resident of the State of Arizona and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Everett B. Music, deceased, was a resident of the State of Oregon and owned minerals and royalty interest underlying lands in the State of Oklahoma.  His interest is vested in Everett B. Music, Jr., Eugene Music, and Mary Armstrong, all residents of the State of Oregon.

Wilda M. Music, deceased , was a resident of the State of Oregon and owned minerals and royalty interest underlying lands in the State of Oklahoma.  His interest is vested in Mary Armstrong, Everett B. Music, Jr., Eugene Music , is a resident of the State of Oregon.

Everett B. Music, Jr., Plaintiff, is a resident of the State of Oregon and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Eugene Music, Plaintiff, is a resident of the State of Oregon and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Laura Jane Neill, Plaintiff, is a resident of the State of Texas and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Ann Niece, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Betty L. O'Leary, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Riley Loyd Oaks, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Clorene Price, Plaintiff; owned minerals and royalty interest underlying lands in the State of Oklahoma; is now deceased

Vineta Price, Plaintiff, is a resident of the State of Florida and owned minerals and royalty interest underlying lands in the State of Oklahoma.  Her interest is now vested in Larry Lynn Price, Trustee of the Larry Lynn Price Revocable Trust;

Leo Quigley, Plaintiff, is a resident of the State of Kansas and owns minerals and royalty interest underlying lands in the State of Oklahoma;

G.L. (Shortie) Quigley, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Nancy L. Rhodes Bounds, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Joseph E. Robinson, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Debbie Sheridan, Plaintiff, is a resident of the State of California and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Anna Bell Smith, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

The Trustees of the Campbell Smith Trust, Plaintiffs, are residents of the State of Oklahoma and own minerals and royalty interest underlying lands in the State of Oklahoma;

Dorothy E. Smith, deceased, was a resident of the State of Oklahoma and owned minerals and royalty interest underlying lands in the State of Oklahoma.  Her interest is now vested in Marilyn Smith Branch as Trustee.

Judy Jones Smith, Plaintiff, is a resident of the State of Texas and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Raymond B. Keating, Trustee of the Campbell Smith Trust, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Marilyn Smith Branch, Trustee of the Marilyn Smith Branch Trust, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Marilyn Smith Branch, Trustee of the Smith Family Trust, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Raymond B. Keating, Trustee of the William N. Smith, Jr. Trust, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Raymond B. Keating, Trustee of the Robert K. Smith, Trust, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

John Pat Spradlin, Plaintiff, is a resident of the State of Texas and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Bernice Ray Sullins, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Belinda Carpenter Sullivan, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

J. Melton Thomas and Lititia Thomas, the Trustee(s) of the Thomas Family Trust are residents of the State of Oklahoma and own royalty interest underlying lands in the State of Oklahoma;

Johne C. Thomas, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Darlene F. Thomas, Plaintiff, is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

Joseph M. Victory is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of New Mexico;

John McCarthy is a resident of the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of New Mexico.

The Tipton Home is a non-profit entity, domiciled in the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma;

The City of Elk City is a municipality in the State of Oklahoma and owns minerals and royalty interest underlying lands in the State of Oklahoma.

2.      The Defendants El Paso Natural Gas Company and Burlington Resources Oil & Gas Company are both incorporated under the laws of the State of Delaware, with their principal place(s) of business in the State of Texas and doing business in the State of Oklahoma.

3.      This controversy concerns claims in excess of $10,000.00, as further alleged below, exclusive of interests and costs.  This Court has jurisdiction and venue of the subject matter by virtue of the location of interests owned by the Defendant(s) in the

Counties of Kiowa and Washita, and other counties in the State of Oklahoma, and their oil and gas leasehold and other interest(s) therein.

4.     The Plaintiffs bring and prosecute this action pursuant to 12 O.S. § 2023 as a "class action" for themselves and representatives of and on behalf of all other "non-cost bearing" persons or entities similarly situated as mineral and royalty owners in all geographic areas which involve well site operations, production and processing of natural gas from zones other than those qualified under Section 107 of the Natural Gas Policy Act of 1978 and the sale of said natural gas by and/or the Defendants or either of them in **the States of Oklahoma, Texas and New Mexico**, wherein gas produced was subject to sales contract requirements, applicable state laws and subject to the Defendant(s)' and their corporate predecessors obligations as well operators and/or leasehold owners to produce, process, and market natural gas to the mutual advantage of the Plaintiffs, herein after "The Class". Excluded from the purview of this action is/are the claims of persons and class still pending in the case styled "*Nations Bank, N.A., now Bank of America, as Trustee of the Virginia C. Earman Trust and Deanne W. Moore, et al. vs. El Paso Natural Gas Company, Burlington Resources Oil & Gas Company, et al.,* Case No. 97-0068, District Court of Washita County, State of Oklahoma.

5.     Based upon Plaintiffs' best information and belief, the Class members consist of a total of more than 1,000 non-cost-bearing interest owners.  The residences of the Class are scattered   throughout Oklahoma, Texas, and numerous other states. Plaintiffs allege that the joinder of all or even a majority of the Class herein is impracticable, if not impossible.

6.     Plaintiffs are informed, believe and hereby allege that most of the Class own relatively small non-cost-bearing interests in the above-described geographic areas and that their individual loss and potential recovery is and will be so modest that each is generally precluded from individually litigating their claim asserted herein by reason of the cost and expense involved.  Consequently, said parties will never have their day in court, unless this action is allowed to be prosecuted and tried as a class action pursuant to and provided by 12 O.S. § 2023.

7.     The prosecution of separate actions by the individual class members, even if possible, would create a risk of (1) inconsistent or varying adjudications with respect to individual class members against the Defendants and which would establish incompatible standards of conduct for the Defendants; or (2) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interests of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests.

8.     There are substantial questions of law and fact which are common to the Plaintiffs' claims against the Defendants and each of the class members' claims against the Defendants.  The questions of law governing and dispositive of Plaintiffs' claims against the Defendants are precisely the same as the questions of law governing and dispositive of each of the class members' claims against the Defendants. The Court may form sub-classes to accommodate the laws of different states, if necessary. Except as to the sole question of the quantum  or amount of interest owned by each class member and the respective loss or damage thereto, the questions of fact governing and dispositive of

Plaintiffs' claims against the Defendants are precisely the same as the questions of fact governing and dispositive of the claims of each class member against the Defendants.

9. The claims of the Plaintiffs herein are in all important and predominate respects, typical of the claims of each of the class members, and are based upon and derived from identical facts which demonstrate improper conduct on the part of the Defendants and damages incurred by the class members.

10. The Plaintiffs will fairly and adequately protect and represent the interests of The Class and the individual class members because, by reason of the similarity of identity of the claims of Plaintiffs and the individual class members, the successful assertion of Plaintiffs' claims herein will necessarily establish determinations of fact and law adequate to prove the liability of the Defendants to each class member. The attorneys for Plaintiffs are experienced and capable in the litigation field of oil and gas and have successfully represented class action and other claimants in other oil and gas litigation. The law firms of Brickell & Associates, P.L.C., Sneed Lang, P.C., Stephen Beam and McBee, Benson, & Benson, P.C., and the undersigned individual attorneys will appropriately conduct and be responsible for Plaintiffs' case herein.

11. The questions of law and fact which are common to the Plaintiffs' and the class members' claims against the Defendants predominate over questions, if any, affecting only individual members. Therefore, a class action is superior to multiple individual lawsuits for the fair and efficient adjudication of the matters alleged herein.

## FIRST CAUSE OF ACTION

## (BREACH OF CONTRACT - IMPROPER ROYALTY PAYMENT)

Plaintiffs and The Class, for their First Cause of Action against the Defendants, allege and state as follows:

12.     That the below named Plaintiffs are the owners of mineral, royalty, overriding royalty and/or other non-cost bearing interests in producing or previously productive units with an interest in the revenues from wells in Oklahoma, Texas and New Mexico which wells were drilled, operated, and produced currently or in the past, in whole or in part, by one or more of the Defendants and which produced from depth above 15,000 feet or which were otherwise not qualified for Section 107 of the Natural Gas Policy Act of 1978.

13.     The Defendants either singly or together are or were the owners of working interest, i.e., lessees and producers of each of the units for the production of gas[1] from the unit wells referenced above (hereinafter "Wells").  The Defendants, and/or their predecessors and affiliates were/are the first purchasers of production and operators of many of the wells described in No. 12 above.  All of the Wells which are the subject of this action are or were productive of gas from zones not qualified for Section 107 gas production treatment under the Natural Gas Policy Act of 1978.

14.     The Defendants and/or their predecessors in interest own or owned oil and gas leases covering the Plaintiffs' mineral interests, which leases are now owned or operated or were previously owned or operated by Defendants (hereinafter the "Leases").

---

[1] The word "gas" as used in this Petition refers to natural gas, condensate, oil and any products derived from natural gas.

The terms of the Leases provide that Plaintiffs are entitled to a certain percentage of the revenue from the sales of oil and gas and other hydrocarbons produced thereunder and Defendant(s) and their predecessors are/were under a duty to deliver and pay said proceeds.

15.     Defendants have unlawfully and improperly deducted monies from Plaintiffs' share of such sales and have failed to credit production revenues as required by the terms and provisions of the Leases and applicable state law from the proceeds of the sale of natural gas from the Wells above referenced, operated and/or produced by the Defendants in **Oklahoma, Texas and New Mexico** (hereinafter the "Class Wells"). Therefore, the Plaintiffs and the Class members have underpaid for production from the class Wells.

## RELIEF REQUESTED

Plaintiffs and the Class request that this Court enter judgment for them against the Defendants in an amount in excess of $10,000.00 for actual monetary damages incurred by the Plaintiffs and the Class for the unlawful and improper deductions from Plaintiffs' share of production from the Wells and from the Class Wells and Defendants' failure to pay the Plaintiffs and the Class all revenue attributable to the production from the above wells due them; for costs, interest and reasonable attorney fees, all as provided for by law. Further, the Plaintiffs and the Class request a declaratory judgment governing and restraining the Defendants' activities relating to such payments to the Plaintiffs for such sales in the future, as well as other relief as the Court may deem just and equitable.

## SECOND CAUSE OF ACTION

## (BREACH OF DUTY TO MARKET GAS)

Plaintiffs and the Class, for their Second Cause of Action incorporate all of the above-numbered paragraphs by reference as if fully set forth herein, and further allege and state as follows:

16.     Under the terms of the Leases, the Defendants have a duty and covenant to market production to the mutual advantage of both the lessee and the Plaintiffs.

17.     Under the mutual covenants and obligations contained in the Leases, the Defendants have a fiduciary duty to market gas in order to obtain the highest possible price to the mutual advantage of Defendants and the Plaintiffs.

18.     The Defendants and/or their predecessors entered into a non-arms-length contractual arrangement(s) and deducted costs not lawfully assessable to the Plaintiffs which arrangement(s) resulted in the Plaintiffs receiving a smaller value per mcf of gas sold than they otherwise would have received had Defendants fulfilled their "lessee and/or operator" and "purchaser" duties to the Plaintiffs.

19.     As a result of the above-described actions of the Defendants, said Defendants breached the covenants of the lease and fiduciary obligations under state law under state law resulting in monetary damages to Plaintiffs.

## RELIEF REQUESTED

Plaintiffs and the Class request the Court to enter judgment against the Defendants, and each of them, as follows:

(A)     Damages for breaching their duty to properly market gas and to report and pay Plaintiffs and the Class the appropriate value for said gas;

18

(B)     That a declaratory judgment issue governing the rights of the Plaintiffs in the future regarding the price payable per mcf;

(C)     That the Defendants be ordered to account to Plaintiffs for their lawful share or portion of any proceeds of production received by the Defendant(s).

## THIRD CAUSE OF ACTION

### (ACCOUNTING AND FAILURE TO TIMELY PAY)

Plaintiffs and the Class for their Third Cause of Action incorporate the allegations of paragraphs 1 - 20, inclusive, and further allege and state as follows:

20.     Plaintiffs and the Class have not been paid their proper share of the revenue attributable to production of minerals from the Units and the Wells and the Class Wells under applicable state laws.  The Plaintiffs were also not timely paid their share of revenues in many instances as set forth under the various applicable state laws.

21.     Plaintiffs and the Class are entitled to an accounting for the revenue and lawful interest due thereon which is attributable to the monthly production of minerals from the Units and the Class Wells which revenue was not paid or timely paid when due by of the Defendants or their predecessors.

### RELIEF REQUESTED

Plaintiffs and the Class request the Court to order the Defendants to account to them for all revenues attributable to the production of minerals from the Units, the Wells and the Class Wells; that Plaintiffs be awarded damages resulting from the non-payment and improper or late payment of said revenue; that they be awarded their costs, lawful

interest and attorney fees, all as provided for by law, plus such other and further relief as the Court may deem just and equitable.

## FOURTH CAUSE OF ACTION

### (FRAUD AND MISSTATEMENT OF VALUE OF GAS)

Plaintiffs and the Class, for their Fourth Cause of Action incorporate the allegations of paragraphs 1 - 22 and further allege and state as follows:

22.     Defendants have both a legal and fiduciary duty to properly disclose to all of the Plaintiffs and the Class the total gross price and the total gross value and volume of the gas produced and sold prior to any deductions.

23.     Defendants knowingly and willfully violated their legal and fiduciary duties and misrepresented to Plaintiffs and the Class information to which Plaintiffs and the Class were entitled by misstating the actual sales price and value, BTU factor, and/or volume and/or month of production of the gas sold from the Wells and the Class Wells.

24.     Said Defendants' misrepresentations to the Plaintiffs and the Class are in direct contravention of the laws of the States of Oklahoma, Texas and New Mexico.

25.     Because of the misrepresentations contained in the aforementioned monthly royalty statements, the Plaintiffs and the Class were not properly paid, nor were they aware of said mis-payment for the correct value and volume of their share of gas produced monthly;

26.     As a direct result of having sent such false and misleading royalty statements to the Plaintiffs, Defendants were able to gain an unfair and prejudicial

advantage over the Plaintiffs and thereby retain funds rightfully belonging to the Plaintiffs without their knowledge.

27.     Plaintiffs relied on the false and misleading information contained in the aforementioned royalty statements, to their prejudice and damage.

28.     Defendants sent the above-described false and misleading statements to the Plaintiffs in knowing and willful violation of the Leases and applicable state laws, which statutes and laws were specifically enacted to protect the Plaintiffs and the public interest by requiring operators/producers and purchasers to properly inform the royalty owners and Plaintiffs herein of certain pertinent facts and information, such as the gross price and gross value of gas sold from drilling and spacing units prior to any deductions.

## RELIEF REQUESTED

Plaintiffs and the Class request the Court order the Defendants to account to them for their proportionate share of all gross revenues from the sale of gas not properly reported by Defendants on their monthly royalty statements, and that the Plaintiffs and the Class be awarded damages against the Defendants in the amount so indicated. Further, that a declaratory judgment issue adjudicating and governing the imposition of reporting requirements by Defendants until the depletion of all production from the Units and the Class Wells; that Plaintiffs be awarded their costs, interest, attorney fees, and such other consequential damages and relief as the Court may deem just and equitable.

## FIFTH CAUSE OF ACTION

## (FRAUD - FAILURE TO DISCLOSE COSTS CHARGED FOR MOVING GAS)

Plaintiffs and the Class, for their Fifth Cause of Action incorporate the allegations contained in paragraphs 1 - 29 and further allege and state as follows:

29.     Defendants have entered into various contracts and/or otherwise charged expenses to move, gather, or transport (hereinafter the "Transportation Contracts") gas from the Class Wells to various points of sale.

30.     The Transportation Contracts are illusory, self-dealing, not arms-length or non-existent, and are being used as a mechanism by Defendants to improperly increase Defendants' profit at Plaintiffs' expense by "transporting" (or not; but still charging as if transporting) the gas from the wells to points of sale.  In some instances, the Defendants' actions caused the Plaintiffs "charges" to increase by selling transportation lines and equipment to third parties for monetary gain with an arrangement which allowed the Plaintiffs' "share" to increase.

31.     The Defendants' "self-dealing" or illusory contract(s) allowed Defendants to reap substantial, unjustified profits at the direct expense of the Plaintiffs, in complete contravention of the duties and covenants imposed upon the Defendants by law, by their leases and by other agreements between the Plaintiffs and the Defendants.

32.     The Defendants have failed to disclose to the Plaintiffs these charges which were being assessed against Plaintiffs' share of revenues for transportation or other undisclosed items. The Defendants' failure to disclose these deductions/reductions from the revenues received by the Defendants for Plaintiffs' and class members gas, was done willfully and in knowing violation of the reporting requirements imposed upon the Defendants by both statute and common law.  Such actions constitute a willful violation of the Defendants' legal and fiduciary duties to correctly inform the Plaintiffs of all charges and deductions from their royalty share of gas production.

33.     Plaintiffs relied upon the accuracy of Defendants' monthly statements which failed to disclose the above-described gross revenues or deductions/reduction charges to Plaintiffs.  The Plaintiffs have suffered damages as a result thereof.

Defendants intended that the Plaintiffs rely upon their published statements to Plaintiffs which failed to disclose the revenues received by Defendants for Plaintiffs' gas, and the excessive, unlawful, and impermissible reduction/deductions by type or amount in direct violation of their legal and fiduciary duty to properly report same.

## RELIEF REQUESTED

Plaintiffs and the Class request the Court order the Defendants to account for all expenses deducted from their royalty share of gas associated with moving the gas; that the Plaintiffs and the Class be awarded damages against the Defendants in the amount of all such charges.

In the alternative, Plaintiffs and the Class request that damages be awarded against the Defendants in an amount necessary to compensate Plaintiffs and the Class for any and all expenses, charges and other deductions which have reduced their proportionate share of revenues by the Defendants, inclusive of those which are in excess of the reasonable and/or actual cost incurred, even if lawful.  Further, that a declaratory judgment issue adjudicating and governing the imposition of such gas movement costs, until the depletion of all production from producing Units, Wells and the Class Wells; that Plaintiffs and the Class be awarded their costs, interest, attorney fees, and such other consequential damages and relief as the Court may deem just and equitable.

## SIXTH CAUSE OF ACTION

### (TORTIOUS BREACH OF DUTY/CONTRACT - PUNITIVE DAMAGES)

Plaintiffs and the Class, for their Sixth Cause of Action incorporate the above-numbered paragraphs by reference as if fully set forth herein, and further allege and state as follows:

35.    The actions of the Defendants as above-described were willful and in total disregard of the rights of Plaintiffs and the Class and further constitute a knowing and willful violation of the Defendants' legal and fiduciary duties under applicable statutory and common law.

36.    The actions of the Defendants were of such a nature and character to constitute an independent tort; alternatively, Defendants' breach of their legal and fiduciary duties to the Plaintiffs is of such a magnitude that it falls into a category of gross negligence, or constitutes a willful and wanton disregard for the rights of the Plaintiffs and the Class.

### RELIEF REQUESTED

Plaintiffs and the Class request punitive or exemplary damages against the Defendants for the conduct above alleged and as may be proven in Court in an amount in excess of $10,000.00, and for such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

BRICKELL & ASSOCIATES, P.L.C.

BY:

BRADLEY D.BRICKELL,OBA#1117

24

Christine R. Fritze, OBA 13942
950 Hightower Building
105 North Hudson
Oklahoma City, OK 73102
(405) 236-0008 TEL
(405) 236-0013  FAX

SNEED LANG, P.C.
Stephen R. McNamara, OBA #6071
2300 Williams Center Tower II
Two West Second Street
Tulsa, OK  74103-3136
(918) 583-3145 TEL

MCBEE, BENSON & BENSON
Loyd Benson
124 N. Ninth
P.O. Box 486
Frederick, OK  73542
(580) 335-7541 TEL
(580) 335-7543 FAX

STEPHEN BEAM
110 S. Broadway
P. O. Box 31
Weatherford, OK  73096

**ATTORNEY LIEN CLAIMED**          **ATTORNEYS FOR PLAINTIFFS**
**JURY TRIAL DEMANDED**

## CERTIFICATE OF MAILING

I hereby that on this __16__ day of November, 2004, a true and correct copy of the above and foregoing document was mailed, postage pre-paid to the following:

Kevin Hayes
Mark Banner
HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON
320 South Boston Avenue
Suite 400
Tulsa, OK 74103

M. Benjamin Singletary
Dennis C. Cameron
Terry Ragsdale
Lisa T. Silvestri
GABLE & GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217

**ATTORNEYS FOR DEFENDANT,
EL PASO NATURAL GAS COMPANY**

Shannon Ratliff
Michael Navarre
RATLIFF LAW OFFICES
600 Congress Avenue
Suite 3100
Austin, Texas 78701-2984

**ATTORNEYS FOR DEFENDANT,
BURLINGTON RESOURCES OIL AND
GAS COMPANY**

Fred R. Gipson
P. O. Box 18496
Oklahoma City, OK 73154-0496

**ATTORNEYS FOR CHESAPEAKE
ENERGY CORPORATION AND ITS
SUBSIDIARY AND AFFILIATE
ENTITIES**

Mark Christiansen
Clyde Muchmore
CROWE & DUNLEVY
20 N. Broadway
Suite 1800
Oklahoma City, OK 73102

**ATTORNEYS FOR DEFENDANTS, EL
PASO NATURAL GAS CO.,
BURLINGTON RESOURCES OIL &
GAS CO., AND BURLINGTON
RESOURCES TRADING, INC.**

Bradley Brickell